**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2153
_____

UNITED STATES OF AMERICA

v.

MARK POROWICZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-18-cr-00137-01)
Chief District Judge:  The Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
June 14, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed: July 6, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SMITH**, *Circuit Judge*.

Mark Porowicz pleaded guilty to distribution and attempted distribution, receipt, and possession of child pornography. *See* 18 U.S.C. §§ 2252(a)(2), (a)(4)(B). The District Court imposed a within-guideline sentence of 151 months on each count, with the terms to run concurrently, followed by a 15-year term of supervised release with standard and special conditions of supervision. Porowicz appealed, arguing that his sentence was substantively unreasonable and that one aspect of a special condition of supervised release violated his constitutional rights. We will affirm the judgment imposing a 151-month sentence, but we will vacate the challenged special condition and remand for further proceedings.[1]

Porowicz contends that his 151-month sentence, which was at the lower end of the guideline range, is substantively unreasonable because the sentencing court failed to give "appropriate and judicious consideration" to all of the sentencing factors. Appellant's Br. 19. We review for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). The transcript of the sentencing hearing belies this argument. We conclude that the District Court did not err in imposing the 151-month sentence.

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Porowicz also challenges for the first time the special condition of his supervised release, which requires that he "participate in a sex offender program" and while in treatment "submit to[, *inter alia*,] physiological testing, which may include, but is not limited to, polygraph or other specific tests to monitor compliance with supervised release and treatment conditions."[2]  A7.  Porowicz claims this condition is vague because it does "not specify or limit the type of physiological testing."  Appellant's Br. 27.  He also asserts that it is overbroad because it permits the use of penile plethysmography (PPG),[3] "which in this case does not serve any statutory sentenc[ing] goals, and is not narrowly tailored, in violation of Mr. Porowicz's substantive due process rights."  *Id.*  In addition, Porowicz contends that "the broad condition here should be stricken under [18 U.S.C.] § 3583(d)(1)."  Appellant's Br. 34.

The Government highlights that Porowicz's "sole complaint" is that "there are no limits as to the type of 'physiological testing' that is permitted."  Appellee's Br. 31.  It concedes that the special condition "should be amended to exclude PPG testing, which the government did not request and the court did not specify."  *Id.* at 28.  Porowicz acknowledges that this concession resolves the "due process and

---

[2] Because this is the first time that Porowicz has objected to this condition, we review for plain error.  Fed. R. Crim. P. 52(b).  *See United States v. Olano*, 507 U.S. 725, 732–735 (1993).

[3] *See United States v. Weber*, 451 F.3d 552, 561–62 (9th Cir. 2006) (discussing the nature of PPG testing).

overbreadth concerns," but asserts that modifying the condition as the Government proposes does not address the issue of vagueness.[4] Appellant's Reply 8.

Here, other than the polygraph testing that is mentioned, the special condition completely fails to provide any information as to what physiological testing might encompass. Nor does the record supply any information in this regard, and the District Court made no findings pertaining to physiological testing. We are left, then, to guess as to what testing Porowicz must submit to as part of his sex offender treatment program. We need not determine, however, if this condition is unconstitutionally vague [5] because the imposition of this condition, without findings to support it, contravenes the directives of §§ 3583(d)(1) and (2). Those statutory provisions mandate that conditions of supervised release must be "reasonably related" to certain factors in § 3553 and must "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes" of §§ 3553(a)(2)(B), (C), and (D). *See* 18 U.S.C. §§ 3583(d)(1) and (2); *United*

---

[4] Porowicz has not objected to the condition of submitting to polygraph testing. *See United States v. Lee*, 315 F.3d 206, 209, 215 (3d Cir. 2003) (rejecting defendant's contention that the special condition requiring the submission to polygraph testing was void for vagueness). For that reason, our analysis pertains only to any otherwise unspecified physiological testing.

[5] *See Lee*, 315 F.3d at 214 (reiterating that "a condition of supervised release . . . is void for vagueness if it 'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application'") (quoting *United States v. Loy*, 237 F.3d 251, 262 (3d Cir. 2001); *see also United States v. Maloney*, 513 F.3d 350, 357 (3d Cir. 2008).

4

*States v. Pruden*, 398 F.3d 241, 248–49 (3d Cir. 2005); *see also United States v. Holena*, 906 F.3d 288, 291–292 (3d Cir. 2018).

Accordingly, we conclude that the District Court plainly erred by imposing this condition to submit to unspecified physiological testing without explaining how it satisfies § 3583(d)(2). Consistent with *Pruden*, we thus conclude that this error "will inevitably affect [Porowicz's] substantial rights" and that without correction, this unauthorized condition will "seriously affect[] the fairness, integrity, and reputation of the proceedings." 398 F.3d at 251. We will therefore vacate the special condition to the extent it permits otherwise undescribed physiological testing. On remand, the District Court may conduct such further proceedings as are warranted to consider the imposition of any other physiological testing, except PPG testing. In all other respects, we will affirm the District Court's judgment.